UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT McEWEN and KIM McEWEN;
STACY BROWN and GARY BROWN;
RICHARD KINSTLE and LAURA KINSTLE;
and ALL OTHERS SIMILARLY SITUATED

Plaintiffs,

vs.

WOLVERINE PIPE LINE CO.,
a Delaware Corporation,

Defendant.

00-72690

CLASS ACTION

JULIAN ABELE COOK

Case No. 00 -
HON.

MAGISTRATE JUDGE CARLSON

---

GEOFFREY N. FIEGER (P30441)
PAUL W. BROSCHAY (P36267)
Fieger, Fieger, Schwartz & Kenney
Attorneys for Plaintiffs
19390 W. Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COME** the Plaintiffs, Robert McEwen, Kin McEwen, Stacy Brown and Gary Brown, by and through their attorneys, Fieger, Fieger, Schwartz & Kenney, and for their cause of action against the above named Defendant, state as follows

1  The Plaintiffs, Robert McEwen and Kim McEwen are husband and wife and reside at 118 Burt Road in Blackman Twp in Jackson County, Michigan in real property they own

2  The Plaintiffs, Gary Brown and Stacy Brown are husband and wife and reside

at 116 Burt Road in Blackman Twp in Jackson County, Michigan in real property they own

3. The Plaintiffs, Richard Kinstle and Laura Kinstle are husband and wife and reside at 5155 N Granite in Blackman Twp, in Jackson County, Michigan in real property they own

3. The Defendant Wolverine Pipe Line Co (Wolverine) is a Delaware Corp licensed and authorized to do business in the State of Michigan and is the owner of and had control over a certain petroleum pipeline located in Jackson County at all relevant times

4. Upon information and belief, the Designated Class of Plaintiffs number in excess of four hundred (400) and therefore are so numerous that the joined of all members is impractical

5. The present action presents questions of law and fact common to all the members of the class that predominate over questions affecting individual members

6. The claims asserted by Plaintiffs Robert McEwen, Kim McEwen, Gary Brown, Stacy Brown, Richard Kinstle and Laura Kinstle, the Class Representatives are typical of the claims of the Designated Class

7. Plaintiffs Robert McEwen, Kim McEwen, Gary Brown, Stacy Brown, Richard Kinstle and Laura Kinstle and their attorneys will fairly and adequately assert and protect the interests of the Class

8. The maintenance of the present cause as a Class Action will be superior to other available methods of adjudication in promoting the convenient administration of justice. The interests of the Plaintiffs are coincident with, and not antagonistic to those in the class. In addition, Plaintiffs are represented by counsel who are experienced and competent in the

2

complex class actions

9    The amount in controversy exceeds $75,000 exclusive of costs and interest and this case is otherwise within the jurisdiction of this Court upon complete diversity.

## COUNT I - NUISANCE

Plaintiffs hereby reallege each and every allegation contained in Paragraphs 1 through 9 as if fully stated herein

10    On June 7, 2000, the Defendant Wolverine owned and operated an underground petroleum pipeline that carried gasoline to various locations from out of state and which ran near or on the real property owned by the Plaintiffs

11    On or about June 7, 2000, the petroleum pipeline ruptured causing hundreds of thousands of gallons of gasoline to enter and seep into the ground, streams, drains, and waterways near the pipeline

12    The gasoline which escaped the pipeline entered the real property owned by the Plaintiffs and contaminated the land and water supply

13.    The flow of gasoline onto the Plaintiffs real property constituted a nuisance

14    Residents of the area of contamination and the Plaintiffs and the class similarly situated experienced massive damages and property loss as a result of the gasoline spill

15    The contamination of the real property as well as the water supply has caused a massive health hazard to humans, pets, foliage and wildlife which live near the area

16    The flow of gasoline onto Plaintiffs' property constitutes an obvious and unreasonable invasion of Plaintiffs' use and enjoyment and of their property and constitutes

3

a nuisance, per se

17    The Defendant's conduct, in improperly constructing, engineering and supervising the construction of the pipeline is the direct and proximate cause of the pollution of Plaintiffs' real property

18    The Defendant knew or should have known that, by virtue of their improper conduct as described herein, the substance migrating from its pipeline was substantially certain to cause harm to Plaintiffs' property

19    The Defendant acted in a willful and/or reckless and/or grossly negligent disregard of Plaintiffs' rights and enjoyment of their property

20.   The gasoline spill caused immediate, permanent, irreparable injury to property owners in general and the Plaintiffs in particular, as follows:

    a    Contamination of their water supply including wells and septic systems,

    b    Loss of personal property,

    c    Loss of personal security,

    d    Loss of real property including plants, trees and vegetation,

    e    Damaged or destroyed appliances, hot water tanks, furnaces, etc ,

    f    Breached basement walls and foundation and structural damage,

    g    Substantial diminution value to home and property,

    h    Illnesses, including viruses and rashes, and

FIEGER, FIEGER SCHWARTZ & KENNEY • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD   SOUTHFIELD MICHIGAN 48075 2463 • TELEPHONE (248) 355 5555 • FAX (248) 355 5148

  1  Any other losses discoverable through the course of this litigation

**WHEREFORE**, it is respectfully requested that this Honorable Court enter a judgment in favor of the Plaintiffs and all other members of the class in an amount exceeding Sevent-Five Thousand Dollars ($75,000 00)

## COUNT II - TRESPASS

Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein

21  On or about June 7, 2000, Plaintiffs, Robert McEwen, Kim McEwen, Gary Brown and Stacy Brown, and the class similarly situated, noticed that gasoline had flowed onto their real property.

22  Defendant intended, or knew or had substantial reason to know, that the aforementioned improper and negligent actions and defective conditions as described above would physically intrude upon Plaintiffs' property, in a manner in which it did not naturally do

23  The aforementioned actions on the part of the Defendant amounts to deliberate physical invasion of Plaintiffs' property and property rights, tantamount to the continuous physical taking of the damaged portion of the property

24  The pipeline project and resulting trespass and nuisance, caused immediate, permanent, irreparable injury to property owners in general and the Plaintiffs in particular, as follows

    a  Contamination of their water supply including wells and septic systems,

b    Loss of personal property;

c    Loss of personal security,

d    Loss of real property including plants, trees and vegetation,

e    Damaged or destroyed appliances, hot water tanks, furnaces, etc,

f    Breached basement walls and foundation and structural damage,

g    Substantial diminution value to home and property,

h    Illnesses, including viruses and rashes, and

i    Any other losses discoverable through the course of this litigation

**WHEREFORE**, it is respectfully requested that this Honorable Court enter a judgment in favor of the Plaintiffs and all other members of the class in an amount exceeding Seventy-Five Thousand Dollars ($75,000 00)

## COUNT III

## NEGLIGENCE AND GROSS NEGLIGENCE

Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 24 as if fully set forth herein

25    The Defendant Wolverine owed Plaintiffs and the class similarly situated, a duty of reasonable care in the engineering, construction, supervision, inspection and operation of the petroleum pipeline

26      Defendant Wolverine owed Plaintiffs and the class similarly situated, a duty to engineer and construct petroleum the pipeline which would at all times be safe and not rupture  Further, said Defendant owed a duty to inspect so as to discover unreasonable conditions which might cause leaks or ruptures

27      The Defendant Wolverine breached their duty to Plaintiffs in the following ways

    a    Failure to properly design, construct, inspect and operate the fuel line so that it would not rupture and leak

    b    Others acts that will become known through discovery

28      Plaintiffs and those similarly situated were at all times relevant hereto, free of any actions of contributory negligence

29      As a direct and proximate cause of the complained acts and activities of Defendants and/or their agents, Plaintiffs and those similarly situated, did suffer injury and harm as follows

    a    Loss of personal property,

    b    Loss of personal security,

    c    Damages or destroyed appliances, hot water tanks, furnaces, etc ,

    d    Breached basement walls and foundation and structural damage,

    e    Substantial diminution value to home and property,

    f.   Illnesses, including viruses and rashes, and

 g Any other losses discoverable through the course of this litigation

**WHEREFORE**, it is respectfully requested that this Honorable Court enter a judgment in favor of the Plaintiffs and all other members of the class in an amount exceeding Seventy-Five Thousand Dollars ($75,000 00)

## COUNT IV

### VIOLATION OF MCLA 324.3109

Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein

30 The discharging of gasoline into the waters at or near the real property owned by the Plaintiffs violates the provisions of the Water Resources Commission Act, MCLA 324 3109 and is prima facie evidence of the existence of a public nuisance caused or created by the Defendant Wolverine

31 The gasoline discharge and violation of MCLA 324 3109 caused immediate, permanent, irreparable injury to property owners in general and the Plaintiffs in particular, as follows

 a Contamination of their water supply including wells and septic systems,

 b Loss of personal property,

 c Loss of personal security,

 d Loss of real property including plants, trees and vegetation,

 e Damaged or destroyed appliances, hot water tanks, furnaces, etc ;

8

  f  Breached basement walls and foundation and structural damage,

  g  Substantial diminution value to home and property,

  h  Illnesses, including viruses and rashes, and

  i  Any other losses discoverable through the course of this litigation

**WHEREFORE**, it is respectfully requested that this Honorable Court enter a judgment in favor of the Plaintiffs and all other members of the class in an amount exceeding Seventy-Five Dollars ($75,000 00)

## COUNT V

Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein

33  The gasoline spill caused damage, devastation and destruction to trees and other vegetation owned by the Plaintiffs in violation of MCLA 600 2919 and as such the Plaintiffs are entitled to treble damages

**WHEREFORE**, it is respectfully requested that this Honorable Court enter a judgment in favor of the Plaintiffs and all other members of the class in an amount exceeding Seventy-Five Dollars ($75,000 00)

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury

Respectfully requested,

FIEGER, FIEGER, SCHWARTZ & KENNEY

*[signature: Paul Broschay]*

PAUL W BROSCHAY P36267
Attorneys for Plaintiffs
19390 W Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555

DATED June 14, 2000